UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD OMAR SPEARMAN,

                       Petitioner,     CASE NO. 91-50013

v.

UNITED STATES OF AMERICA,     HONORABLE PAUL V. GADOLA
                                                       U.S. DISTRICT COURT
                       Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION PURSUANT TO FED. R. CIV. P. 60(b)

**I.    Introduction**

Now before the Court is Petitioner's "Motion Pursuant to Fed. R. Civ. P. 60(b)(4) & (6) to Protect the Integrity of the Court's Judgment for Failing to Rule on Petitioner's *Richardson* Claim." [Docket entry #421] Petitioner claims that the Court failed to address one of his claims presented in his August 28, 2000 motion to vacate his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Court will deny Petitioner's motion.

**II.    Background**

Spearman was originally indicted in April 1991, along with two codefendants, on four drug and firearms charges. He pleaded guilty in October 1991 to one count of dealing in firearms without a license and one count of conspiracy to distribute cocaine. Spearman was sentenced on January 16, 1992, to a total of 240 months in prison and five years of supervised release. He challenged his conviction and sentence in a § 2255 motion alleging, inter alia, ineffective assistance of counsel. Following a hearing, the district court granted the motion.

A superseding indictment, handed down in March 1995, added a count charging the drug-related murders of two persons, and two counts of using firearms in relation to felony drug offenses. A second superseding indictment listed the two murders as separate counts and added a count charging Spearman with engaging in a continuing criminal enterprise (CCE). Spearman was convicted by a jury of CCE;

> drug-related murder (two counts); dealing in firearms without a license; conspiracy to provide false statements in connection with the acquisition of firearms; using a firearm in connection with a felony drug offense (two counts); and conspiracy to distribute cocaine. The government agreed to dismiss the conviction for conspiracy to distribute cocaine for the purpose of sentencing. The district court sentenced Spearman on June 26, 1996, to three terms of life in prison, with consecutive terms of five years and twenty years. The judgment was affirmed in an unpublished opinion. *See United States v. Spearman*, No. 96-1887, 1998 WL 840870 (6th Cir. Nov. 17, 1998).

*Spearman v. United States*, 43 Fed. Appx. 906, 907 (6th Cir. 2002).

Petitioner then filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255 on August 28, 2000. That motion was denied by this Court on January 12, 2001. [Docket entry #364] Petitioner appealed the Court's order denying relief and the Court of Appeals for the Sixth Circuit affirmed this Court's decision on August 8, 2002. *Spearman*, 43 Fed. Appx. at 909.

Petitioner now moves this Court for relief, pursuant to Federal Rule of Civil Procedure 60(b), from the Court's January 12, 2001 denial of his habeas corpus petition. Petitioner sets forth several claims for relief. First, Petitioner claims that in ruling on his habeas corpus petition the Court failed to address his habeas claim brought pursuant to *Richardson v. United States*, 526 U.S. 813 (1999) with respect to his continuing criminal enterprise conviction. Therefore, Petitioner now moves the Court to dismiss count one of the second superseding indictment because it failed to "[n]otice the 'three or more' predicates which are separate and distinctive elements embodying their own elements in light of *Richardson* . . . ." Petr's Mot., p. 12. Petitioner also argues that on January 12, 2001 this Court improperly denied his motion to supplement his petition for a writ of habeas corpus. *See* docket entry #363. Finally, Petitioner argues that in denying his petition, the Court improperly ruled that several of his habeas claims were procedurally defaulted. *See* docket entry #364.

### III. Legal Authority

Federal Rule of Civil Procedure 60(b) reads in relevant part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons . . . (4) the judgment is void; . . . (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Motions pursuant to Rule 60(b)(4) or Rule 60(b)(6) must be brought "within a reasonable time." *Id.* Furthermore, the Court of Appeals for the Sixth Circuit stated that subsection (6) of Federal Rule of Civil Procedure 60(b) "applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule. . . . Consequently, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." *Blue Diamond Coal Co. v. Trustees of UMWA*, 249 F.3d 519, 524 (6th Cir. 2001)(citations and quotations omitted).

The Court is mindful that when a motion labeled as one pursuant to Rule 60(b) merely attacks the federal court's previous resolution of a claim on the merits, such a motion must be treated as a second or successive § 2254 petition and therefore requires precertification from the Court of Appeals pursuant to § 2244(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32, 538 (2005). "[H]owever, when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the motion can be ruled upon by the District Court without precertification by the Court of Appeals. *Id.* at 532.

**IV.     Analysis**

In the present case, Petitioner argues that the Court failed to address the merits of the certain claims presented in his petition for a writ of habeas corpus and that he is not attempting to re-litigate

3

the issues already decided by this Court. *See Crosby*, 545 U.S. 524. To that extent, the Court has considered his arguments.

Petitioner now claims there was a defect in the integrity of the proceedings related to his habeas corpus petition. *See id.* Petitioner's petition for a writ of habeas corpus was denied by this Court by way of a written opinion on January 12, 2001. That decision was issued more than six years before he presented his current motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Furthermore, Petitioner's appeal of this Court's order was denied on August 8, 2002, nearly four and half years before he filed his Rule 60(b) motion. Under the circumstances, the delay is unreasonable. *See* Fed. R. Civ. P. 60(b)(Motions pursuant to Rule 60(b)(4) or Rule 60(b)(6) must be brought "within a reasonable time."). Petitioner does not present new evidence, information, or arguments that he was unable to present at an earlier date. Instead Petitioner relies upon this Court's alleged failure to properly address the claims presented in his 2000 petition. Petitioner has not presented any explanation why this Court should consider such an extended delay as "reasonable" under the rule. Fed. R. Civ. P. 60(b). Furthermore, with respect to the relief sought pursuant to Rule 60(b)(6), Petitioner has not presented the one of the "unusual and extreme situations where principles of equity mandate relief" such that the Court should proceed against the " public policy favoring finality of judgments and termination of litigation." *Diamond Coal Co.*, 249 F.3d at 524 (citing *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

### V. Conclusion

For the foregoing reasons;

**IT IS HEREBY ORDERED** that Petitioner's "Motion Pursuant to Fed. R. Civ. P. 60(b)(4)

4

& (6) to Protect the Integrity of the Court's Judgment for Failing to Rule on Petitioner's Richardson Claim" [docket entry #421] is **DENIED**.

**SO ORDERED**.

Dated:  November 1, 2007                   s/Paul V. Gadola
                                                       HONORABLE PAUL V. GADOLA
                                                       UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   November 1, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                                    Mark C. Jones                                   , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:             Edward Omar Spearman                                      .

                                                  s/Ruth A. Brissaud
                                                  Ruth A. Brissaud, Case Manager
                                                  (810) 341-7845