UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

   Plaintiff,          Case No. 91-50013
                 HON. BERNARD A. FRIEDMAN
vs.

EDWARD OMAR SPEARMAN,

   Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION PURSUANT TO FED.R.CIV.P. 59(E) TO CORRECT A MANIFEST INJUSTICE

   Defendant Edward Omar Spearman's Motion Pursuant to Fed.R.Civ.P. 59(e) to Correct a Manifest Injustice is before the Court.

   Defendant objects to the Court's Order, dated March 22, 2010 [D.E. 470] denying his Motion for a Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2). Defendant contends that, in rendering its decision, the Court abused its discretion in two ways: 1) by not addressing significant events that have occurred since the original sentencing; and 2) by asserting that Defendant was ineligible for a sentence reduction under the crack cocaine guideline amendment.

   In support of his first contention, Defendant cites to a Seventh Circuit case which held that a district court's order on a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) should address significant events that may have occurred since the original sentencing. U.S. v. Marion, 590 F.3d 475 (7th Cir. 2009). The Seventh Circuit opinion is not binding on this Court, and there is no indication that other courts within the Sixth Circuit have

1

been compelled to follow it. The Court does not find that the absence of a written explanation for its decision is grounds for a finding of abuse of discretion.

Defendant's second contention in support of his motion is that the Court abused its discretion by asserting that Defendant was ineligible for a sentence reduction under the crack cocaine guideline amendment. However, 18 U.S.C. § 3582(c)(2) is by its very nature a form of discretionary relief.

As the Sixth Circuit has explained,

> Eighteen U.S.C. § 3582(c)(2) "empowers the District Court to modify the prisoner's sentence that would otherwise be final." *United States v. Williams*, 182 F.3d 919, 1999 WL 397945 *4 (6th Cir.1999). Because Amendment 599 is given retroactive effect, a defendant may seek relief under § 3582(c)(2). *United States v. Diaz*, 248 F.3d 1065, 1107-08 (11th Cir.2001); *United States v. Aquino*, 242 F.3d 859, 865 (9th Cir.2001). Yet, a district court "has the discretion to deny a § 3582(c)(2) motion, even if the retroactive amendment has lowered the guideline range." *Ursery*, 109 F.3d at 1137, *Accord, United States v. Wesley*, 221 F.3d 1337, 2000 WL 799783 *2 (6th Cir. June 14, 2000).

<u>U.S. v. Peveler</u>, 359 F.3d 369, 374-375 (6th Cir. 2004).

The Court in making its decision regarding Defendant's motion for a sentence reduction, acted within its discretionary authority.

Accordingly,

IT IS ORDERED that Defendant's Motion Pursuant to Fed.R.Civ.P. 59(e) to Correct a Manifest Injustice is DENIED.

DATED: April 30, 2010         s/Bernard A. Friedman
                              BERNARD A. FRIEDMAN
                              UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

   The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on April 30, 2010.

                s/Deborah J. Goltz
                DEBORAH J. GOLTZ
                Case Manager