UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

EDWARD OMAR SPEARMAN,

    Defendant.

_____/

Case No. 91-50013

Hon. F. Kay Behm

**OPINION AND ORDER DENYING MOTION FOR
COMPASSIONATE RELEASE (ECF No. 542)**

Before the court is Defendant Edward Spearman's second *pro se* motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c). ECF No. 542. Defendant's first motion for a sentence reduction pursuant to the First Step Act was denied on August 1, 2020. *United States v. Spearman*, No. 91-CR-50013-01, 2020 WL 4390632 (E.D. Mich. 2020), *aff'd*, No. 20-1810 (6th Cir. 2021) (ECF No. 540). In his second motion, Defendant requests a reduction of sentence and any other possible relief on the basis that he has an extraordinary and compelling reason for a sentence reduction, and that the sentencing factors in 18 U.S.C. § 3553(a) favor his release. *See* § 3582(c)(1)(A). The Government

1

has filed a response, and Defendant has filed a reply.  ECF No. 545; ECF No. 546.  For the reasons explained in detail below, Defendant's motion is **DENIED**.

I.     **FACTUAL BACKGROUND**

In February 1996, after a jury trial, Defendant was found guilty of all eight counts in the indictment: participating in a continuing criminal enterprise in violation of 21 U.S.C. § 848 (Count 1), conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count 2), two counts of drug-related murder in violation of 21 U.S.C. § 848(e)(1)(A) and 18 U.S.C. § 2 (Counts 3, 4), two counts of firearm use during felony drug offense in violation of 18 U.S.C. § 924(c) (Counts 5, 8), dealing in firearms without license in violation of 18 U.S.C. § 922(a)(1)(A) (Count 6), and conspiracy to provide false statements with the acquisition of firearms in violation of 18 U.S.C. § 922(a)(6) (Count 7).  The Government agreed to dismiss Count 2 before sentencing.

In June 1996, the district court sentenced Defendant on the remaining seven charges.  On Counts 1, 3, and 4, Defendant was sentenced to life imprisonment.  On Count 5, Defendant was sentenced to a term of sixty months consecutive to the life sentences.  On Count 6,

Defendant was sentenced to a term of sixty months' imprisonment to be served concurrently with the life sentences.  On Count 7, Defendant was sentenced to a term of sixty months to be served concurrently with the life sentences.  On Count 8, Defendant was sentenced to a term of 240 months' imprisonment to be served consecutively to the sentences imposed on the rest of the charges.  The Sixth Circuit affirmed Defendant's conviction.  *See United States v. Spearman*, No. 96-1887, 166 F.3d 1215, 1998 WL 840870 (6th Cir. 1998).

On January 15, 2025, Defendant requested that a motion for a reduction of sentence be filed on his behalf by the Federal Bureau of Prisons.  The request was denied the same day, so Defendant filed this motion for compassionate release as a *pro se* defendant.  Defendant has served just over thirty-four years of his life sentence.

II.   **STANDARD OF REVIEW**

Ordinarily, a district court "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  The statute provides for a limited exception, known as "compassionate release," which is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.  Before filing a compassionate release

motion, a prisoner must exhaust his administrative remedies. *United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020). The parties agree that Defendant has exhausted his administrative remedies, allowing the court to consider the merits of his motion. *See* ECF No. 545, PageID.952.

When reviewing a compassionate release motion, the court considers the following: (1) whether "extraordinary and compelling reasons" warrant a sentence reduction; (2) whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) whether "all relevant sentencing factors listed in 18 U.S.C. § 3553(a)" support a reduction. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020)). "If each of those requirements are met, the district court 'may reduce the term of imprisonment,' but need not do so." *Id.* (citing 18 U.S.C. § 3582(c)(1)(A)). A district court "may deny a defendant-filed motion only when it finds either that no extraordinary and compelling reasons exist or that the § 3553(a) factors weigh against release." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021); *see also Elias*, 984 F.3d at 519 (6th Cir. 2021) ("district courts may deny

compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others").

The "extraordinary and compelling" requirement is a substantial hurdle. *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021), *cert. denied*, 142 S. Ct. 2771 (2022) (noting that "'extraordinary' was understood to mean 'most unusual,' 'far from common,' and 'having little or no precedent'" and "'[c]ompelling' meant 'forcing, impelling, driving'"); *United States v. McCall*, 56 F.4th 1048, 1055 (6th Cir. 2022) (*en banc*) ("[A]n 'extraordinary and compelling reason' is one that is unusual, rare, and forceful.").

### III. ANALYSIS

Defendant argues that he has extraordinary and compelling reasons for release because of 1) his unusually long sentence, 2) his age at the time of the offense, 3) his conditions of confinement during COVID-19 pandemic, and 4) his efforts at rehabilitation. Further, he asserts that the factors of 18 U.S.C. § 3553(a) favor his sentence reduction because of his low risk of recidivism and substantial efforts

5

toward rehabilitation. After careful review, the court finds Defendant's arguments to be unavailing.

To start, Defendant's reliance on his unusually long sentence must be dismissed because the Sixth Circuit recently foreclosed the possibility of arguing that an unusually long sentence is an extraordinary or compelling reason in *United States v. Bricker*, 135 F.4th 427 (6th Cir. 2025). In *Bricker*, the Sixth Circuit resolved the conflict among 18 U.S.C. § 3582(c)(1)(A), *McCall*, and the Sentencing Commission's recent policy statement at U.S.S.G. § 1B1.13(b)(6). *McCall* previously held that nonretroactive changes in law are not "extraordinary and compelling" under the compassionate release statute. *McCall*, 56 F.4th at 1055. Following this decision, the Sentencing Commission promulgated § 1B1.13(b)(6), which announced that a nonretroactive change in the law could present an "extraordinary and compelling" reason warranting a sentence reduction in certain circumstances, including "an unusually long sentence." *See* U.S.S.G. § 1B1.13(b)(6).[1] The Sixth Circuit in *Bricker* held that § 1B1.13(b)(6)

---

[1] U.S.S.G. § 1B1.13(b)(6) stated the following:

"(6) Unusually Long Sentence.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a

6

was invalid on the grounds that "the Commission overstepped its authority and issued a policy statement that is plainly unreasonable under the statute and in conflict with the separation of powers." *Bricker*, 135 F.4th at 430.  The *Bricker* court noted that "[t]he Commission cannot overrule *McCall*'s determination about the plain text of the statute by promulgating a contradictory policy statement." *Id.* at 438.  Accordingly, Defendant's argument that his unusually long sentence is an extraordinary and compelling reason for his sentence reduction, based on § 1B1.13(b)(6), cannot be sustained.

Second, Defendant contends that his youthful age at the time of the offenses is an extraordinary and compelling reason for sentence reduction.  Defendant cites several cases that consider age as a possible reason for granting sentence reduction.  However, the court must follow the Sixth Circuit's binding precedent that "facts that existed at sentencing cannot later be construed as 'extraordinary and compelling

---

change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances."

7

reasons' to reduce a final sentence." *Hunter*, 12 F.4th at 570. Section 3582(c)(1)(A) "precludes a court from simply taking facts that existed at sentencing and repackaging them as 'extraordinary and compelling.'" *Id.* at 569. Because Defendant's age at the time of the offenses was known and considered by the court, it does not alone justify early release. *Id.* at 563 & n.3. Furthermore, the Sentencing Commission's relevant policy statement provides that, for age, an extraordinary circumstance may exist when the defendant is "at least 65 years old," is "experiencing a serious deterioration in physical or mental health because of the aging process," and has "served at least 10 years or 75 percent of [his] term of imprisonment, whichever is less." U.S.S.G. § 1B1.13(b)(2). Defendant's circumstances do not satisfy this policy statement.

In 2024, the guidelines were amended to address age, providing that a "downward departure . . . may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses." *See* U.S.S.G § 5H1.1. However, this amendment was not made

8

retroactive.[2] Thus, *McCall* precludes the court from considering it in connection with Defendant's motion because "nonretroactive changes in sentencing law cannot be 'extraordinary and compelling reasons' that warrant relief." *McCall*, 56 F.4th at 1055.

Third, Defendant argues that his conditions of confinement due to the COVID-19 pandemic, including attendant lockdowns and restrictions on visitation and programming, support a reduction in sentence. However, "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citation omitted). Defendant does not offer other reasons to depart from this precedent.

Defendant cites several other district court cases in which they concluded that the pandemic made incarceration harsher and more punitive. However, in those cases, courts found that the incarceration

---

[2] According to the notes to U.S.S.G. § 5H1.1: "Section is deleted, effective November 1, 2025, absent contrary Congressional action."

conditions during the pandemic directly exacerbated the health conditions of defendants. For instance, in *United States v. Nolan*, No. 1:14-cr-00214-9, 2022 WL 16832523 (N.D. Ohio 2022), a case that Defendant cites, the court found that 1) the defendant had preexisting health condition (specifically peripheral artery disease) that placed him "at high risk of needing a high level of care," 2) defendant actually contracted COVID-19 and had continuing symptoms after recovery, and 3) defendant's age and health made the COVID-19 vaccine less effective in preventing reinfection. *Nolan*, 2022 WL 16832523 at *3. The court then decided that the COVID-19 pandemic created harsher and more punitive conditions than it contemplated at the time of sentencing and concluded that his sentence should be modified. *Id.* Defendant's circumstances are not similarly compelling; he does not argue that he had a preexisting health condition, nor does he suggest that the COVID-19 pandemic permanently altered his physical health in any way.

    Lastly, Defendant argues that his rehabilitative efforts are substantial enough that the motion should be granted. He primarily supports this argument by presenting documentation of extensive

10

engagement in vocational courses and programming aimed at rehabilitation, along with letters of recommendation from staff members of the Federal Bureau of Prisons. *See* ECF No. 542, PageID.872, 884-929; ECF No. 546, PageID.991-992. However, rehabilitation alone cannot be a basis for compassionate release. *See Hunter*, 12 F.4th at 572. While his efforts and accomplishments are commendable, good behavior and self-improvement are expected of federal inmates. *See United States v. Hymes*, 19 F.4th 928, 934 (6th Cir. 2021) (recognizing that participation in prison programs and lack of disciplinary infractions are "behavior[s] expected of federal prisoners"). Defendant claims that he conducts a class for other inmates called Resolve that focuses on understanding and overcoming recidivism, but the Government clarified in its response that Defendant is actively participating in a trauma treatment program called Resolve and that a Bureau of Prisons employees facilitate this program. ECF No. 545-4, PageID.972. Nevertheless, "[t]aking classes while incarcerated is common rather than extraordinary." *United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023). Defendant's rehabilitative efforts, while

11

respectable, are insufficient to constitute an "extraordinary and compelling" reason for a sentence reduction.

In sum, Defendant has failed to show that any of his circumstances, or a combination thereof, are extraordinary and compelling reasons for granting his motion for compassionate release. "[W]ithout establishing an extraordinary and compelling reason for relief under section 3582(c)(1)(A), the 3553(a) factors have no impact on a motion for compassionate relief." *United States v. Dale*, 615 F. Supp. 3d 692, 706 (E.D. Mich. 2022); *see also United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021). Therefore, the court need not undertake an analysis of the § 3553(a) factors and holds that Defendant is not eligible for relief under 18 U.S.C. § 3582(c)(1)(A).

However, even assuming that Defendant established an extraordinary and compelling reason, the § 3553(a) factors do not support a sentence reduction. 18 U.S.C. § 3553(a) addresses seven factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kind of sentences available; (4) the sentencing range; (5) any pertinent policy statement; (6) the need to avoid unwarranted

sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). A court need not "specifically articulat[e]" every single § 3553(a) factor in its analysis. *Jones*, 980 F.3d at 1114 (citation omitted). Instead, the record "as a whole" must confirm that the pertinent factors were considered by the court. *Id.* District courts' "initial balancing of the § 3553(a) factors during [the defendant's] sentencing" presumably remains as an "accurate assessment as to whether those factors justify a sentence reduction." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021). Accordingly, the defendant has the burden to make "a compelling case as to why the sentencing court's § 3553(a) analysis would be different if conducted today." *Id.*

In reviewing the balancing of § 3553(a) factors for Defendant's initial sentencing, the court concludes that Defendant does not qualify for release. Defendant was a leader of a criminal organization that distributed a substantial quantity of crack cocaine into his community. He shot and murdered two people in January 1991 and attempted to kill two other people, one of whom was a minor. At the time of

13

sentencing, the district court noted that Defendant was extremely violent and had "no concern at all for human life." *Spearman*, 2020 WL 4390632 at *1. The court found that the original life sentence ensured the protection of the public. In 2020, Judge Friedman concluded that the seriousness of Defendant's crime could not be minimized despite his commendable "accomplishments and his disciplinary record." *Id.* at *5. The court agrees with this assessment in reviewing Defendant's second motion.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Defendant's motion for compassionate release (ECF No. 542) is **DENIED**.

**SO ORDERED.**

Dated: August 4, 2025         <u>s/F. Kay Behm</u>
                              F. Kay Behm
                              United States District Judge