UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     PLAINTIFF,

                                        Case No. 91-50013

v.

                                        F. Kay Behm

EDWARD OMAR SPEARMAN,         U.S. District Judge

     DEFENDANT.

_____/

**ORDER GRANTING MOTION TO
EXTEND OR REOPEN TIME FOR APPEAL**

Defendant Edward Omar Spearman requests an extension of time to appeal the denial of his motion for compassionate release to the Sixth Circuit Court of Appeals. The court denied his motion for compassionate release on August 4, 2025. (ECF No. 547). The court mailed the order on that same date to Defendant's address at USP Florence, P.O. Box 7000, Florence, CO 81226. *See* Text Only Certificate of Service dated 8/4/25. On November 18, 2025, Defendant filed a motion explaining that he never received a copy of the court's order and thus, was denied his right to file a timely appeal. (ECF No. 548). He further explains that on November 12, 2025, while he was researching case updates on BOP's TRULINCS service, he learned of the court's order denying his motion. *Id*. Thus,

he asks the court, pursuant to Fed. R. App. P. 4(a)(6) to grant him the right to file an out-of-time appeal because he was never provided with a copy of the court's order denying his compassionate release motion.  *Id*.

When a party does not receive an order or judgment in a timely manner, the court may reopen the time to file an appeal, pursuant to Federal Rule of Appellate Procedure 4(a)(6).

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, *but only if all the following conditions are satisfied*:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or *within 14 days after the moving party receives notice* under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*; and
> (C) the court finds that no party would be prejudiced.

*Id.* (emphasis added).

Based on Defendant's allegations, the court finds that he did not receive notice of entry of the order within 21 days after entry; thus paragraph A is satisfied.  Pursuant to paragraph (B) of Rule 4(a)(6), a motion to reopen the time for appeal must be filed within 180 days of the entry of the order or within 14 days after the moving party receives notice of the entry of the order, "whichever is

2

earlier." *Id.*  Here, the 180-day period that began to run on the date of entry of the court's order had not yet expired when Defendant filed his motion.  As to the 14-day rule, the court will treat Defendant's learning of the order while he was researching case updates on BOP's TRULINCS service as receiving notice of entry of the order; thus Defendant received notice of the entry of the order on November 12, 2025.  Under Rule 4(a)(6), he had until November 26, 2025, to file his motion to reopen the time for appeal.  Defendant timely did so on November 18, 2025.  Thus, paragraph B is satisfied.  The court finds no prejudice to the parties in allowing the extension of time to file an appeal, particularly where the government did not respond to the motion.  Paragraph C is therefore satisfied.

Accordingly, the court **ORDERS** that the appeal period is reopened for a period of 14 days from entry of this Order.  **Defendant must file his Notice of Appeal within 14 days of entry of this Order.**  Defendant also requests a copy of the court's order denying the motion for compassionate release.  Thus, enclosed is a copy of the court's order denying the motion for compassionate release.

**SO ORDERED.**

Dated: March 17, 2026                              s/F. Kay Behm
                                                   F. Kay Behm
                                                   United States District Judge

3